MILLWRIGHTS LOCAL UNION NO. 1914, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL–CIO, Petitioner,

v.

The Honorable Earl H. CARROLL, in the United States District Court for the District of Arizona, Respondent,

and

Raymond J. Donovan, Secretary of Labor, United States Department of Labor,* Real Parties in Interest.

No. 81–7279.

United States Court of Appeals,
Ninth Circuit.

Aug. 7, 1981.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c), we have substituted Secretary Donovan for former Secretary Marshall.

Before ALARCON and REINHARDT, Circuit Judges:

## ORDER

The petition of Millwrights Local Union No. 1914, United Brotherhood of Carpenters and Joiners of America, AFL–CIO, for writ of mandate is denied. The Secretary of Labor obtained a judgment from the district court setting aside the results of a union election on the ground that the Union's rules governing eligibility to run for office were unlawful; the rules were contained in a provision of the Union's constitution. Under the applicable statute, the Secretary is required to supervise a rerun election. 29 U.S.C. § 482(c). The rerun must be conducted "so far as lawful and practicable, in conformity with the constitution and by laws of the [union]." *Id.* The Secretary notified the union that the rerun election must be conducted, in part, by the use of absentee ballots. The Union contends that the use of absentee ballots is contrary to the Union's constitution and

bylaws, and thus to the requirements of 29 U.S.C. § 482(c). The Union filed a motion in district court seeking clarification of the judgment of the district court and the district court denied the motion. The Union then filed a petition for a writ of mandate before this court.

A challenge to the procedures that the Secretary imposes in connection with a rerun election may be made before that election is conducted, by an appropriate motion to the district court, accompanied by supporting affidavits.[1] *Brennan v. Local 551, United Automobile, Aerospace and Agricultural Implement Workers of America, Inc.,* 486 F.2d 6, 8 (7th Cir. 1973). Following an evidentiary hearing, which may in the discretion of the district court be conducted upon affidavits, the court is required to determine whether the procedures that the Secretary proposes to use violate the union's constitution and the requirements of 29 U.S.C. § 482(c). While the Secretary has broad discretion to prescribe procedures for the conduct of a rerun election, he may not set aside provisions of a union's constitution that were not challenged in the proceedings that led to the new election, unless the provisions are unlawful or it is impracticable to follow them. 29 U.S.C. § 482(c); *See Trbovich v. United Mine Workers,* 404 U.S. 528, 537 n.8, 92 S.Ct. 630, 636, n.8, 30 L.Ed.2d 686 (1972); *Usery v. Local Union No. 639 Intern. Bro. of Teamsters,* 543 F.2d 369, 376 (D.C. Cir. 1976). Where the Secretary elects not to abide by an applicable provision in a union constitution in conducting a rerun election, and the union, by proper motion, challenges that determination, the Secretary must, at the evidentiary hearing, meet the same burden of proof on the issue of the unlawfulness of the provision that he would be required to meet to establish the unlawfulness of such a provision in a proceeding to set aside an election. He must show, by a preponderance of the

1. We recognize the necessity for a speedy determination of challenges to the procedures prescribed by the Secretary, and encourage the use of expedited procedures in the handling of motions presenting such challenges.

evidence, that the constitutional provision is unlawful. 29 U.S.C. § 482(c).[2]

In this case, the Union filed a motion for clarification of the district court's judgement setting the election aside and directing the Secretary to conduct a new election, rather than filing an appropriate motion designed to obtain an evidentiary hearing. In challenging the procedures the Secretary proposes to use, the Union not only failed to file supporting affidavits, but vigorously objected to the receipt by the court of affidavits from any party. Moreover, its motion was based on the erroneous premise that the Secretary had no authority to refuse to abide by *any* provision of the Union constitution (other than the one held invalid by the district court when it set the original election aside), regardless of its unlawfulness.

■ Since the Union failed to file an appropriate motion, and failed to file supporting affidavits, the district court's order denying the motion for clarification was not clearly erroneous. We of course express no view as to what the proper decision on the merits would have been, if the district court had been presented with a proper motion and the requisite supporting evidence.

---

**2.** We recognize that section 482(c) prescribes the burden of proof placed on the Secretary when he has brought an action challenging an election on the ground that a provision in a *union's constitution or bylaws is unlawful.* We believe the same burden is applicable where the Secretary, in the process of supervising the rerun election, decides not to abide by a provision in the Union's constitution because he believes that the provision is unlawful. If this were not the rule, the Secretary would, in effect, have the power, for purposes of rerun elections, to ignore the union's constitution or bylaws, unless the union could establish that his determination was arbitrary. *Cf. Brennan v. Local 551, United Automobile, Aerospace and Agricultural Implement Workers of America, Inc.*, 486 F.2d 6 (7th Cir. 1973). We do not believe that such was the intent of Congress when it mandated the Secretary to conduct rerun elections in accordance with the union's constitution and bylaws. Where there is a dispute, as there is in the case before us, as to *whether* the proposed procedures for conducting the rerun election violate the union's constitution or bylaws, the union has the burden of establishing the violation; the burden of justifying a failure to comply with a union's constitution is imposed on the Secretary only after the union has established that the procedures prescribed by the Secretary would, if followed, violate the union's constitution.